# EXHIBIT 1

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

MICHAEL CALTA,

    Plaintiff,

v.

VISION SOLAR FL, LLC a/k/a
VISION SOLAR, LLC,

    Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Michael Calta brings this class action against Defendant Vision Solar FL, LLC a/k/a Vision Solar, LLC and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. The object of this case is to stop one of the biggest invasions of our privacy-unwanted and unauthorized telemarketing robocalls.

3. Florida enacted the FTSA on July 1, 2021 requiring "express written consent" to call or text Floridians with an automatic system and the Defendant blatantly violates this law.

---

[1] The amendment to the FTSA became effective on July 1, 2021

1

4. Defendant's robocalling conduct is precisely the conduct the FTSA is aimed at regulating.

5. Defendant is one of the top solar companies on the East Coast and routinely calls and texts Floridians with their telemarketing "pitches" without the requisite "express written consent."

6. Defendant is a full-service renewable energy company that installs solar services for residential homes.

7. Defendant's calls and text messages have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

8. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

9. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of telephone number 813-***-9959 ("9959 number") that received Defendant's text messages.

10. Defendant is, and at all times relevant hereto was, a foreign limited liability company and a "telephone solicitor" as defined by Fla. Stat. § 501.059(i). Defendant maintains its primary place of business and headquarters in Blackwood,

New Jersey. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

12. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant sent or caused to be sent text messages into Florida without the requisite prior express written consent in violation of the FTSA. *See* 501.059(8)(d) ("There is a pre-rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call."). Plaintiff's 813 area is a Florida area code and he received the text messages while residing in and physically present in Florida.

13. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a Florida corporation doing business in this state; and (2) has an agent or other representative in Hillsborough County.

## FACTUAL ALLEGATIONS

14. On or about January 23, 2022, at 10:16 a.m. Mike Calta received a solicitation telephone call from Defendant asking if he was interested in solar energy.

15. Mike Calta received the following 3 text messages later that same day:

3

| Number displayed on Caller ID | Date and Time received | Content of the message |
|---|---|---|
| | | |
| 833-356-0678 | On or about 1/23/22 at 11:13 AM | This is a reminder about your solar consultation scheduled for tomorrow at 9:00 AM. Please reply YES to confirm or call us at 516-210-5409 to reschedule. (Reply STOP to unsubscribe) (*See* Exhibit A) |
| | | |
| 833-356-0678 | On or about 1/23/22 at 4:36 PM | This is a reminder about your solar consultation scheduled for tomorrow at 9:00 AM. Please reply YES to confirm or call us at 516-210-5409 to reschedule. (Reply STOP to unsubscribe) (*See* Exhibit B) |

| | | |
|---|---|---|
| 754-757-4587 | On or about 1/23/22 at 5:36 PM | Hey John, this is Frank with Vision Solar. I am reaching out to confirm our 9am consultation for tomorrow morning. Please respond to confirm. Thank you (*See* Exhibit C) |

16.  Mike Calta sent a text message stating "Please cancel." (*See* Exhibit D)

17.  Immediately after Mike Calta texted "Please cancel" an individual identified as Macie made another unwanted and illegal called for telemarketing purposes and provided a telephone number (516) 210-5409 to attempt to get Mike Calta to reschedule the appointment.

18.  As demonstrated by the above text messages, the purpose of Defendant's call and text message campaign was to solicit the sale of consumer goods and/or services.

4

19. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida.

20. Mike Calta is the regular user of the telephone number that received the above calls and text messages.

21. Plaintiff continued to receive telephone calls and text messages despite never consenting to receive them in the first place and having affirmatively attempted to prevent continuing to receive them.

22. To transmit the above calls and text messages, Defendant utilized automatic systems to Plaintiff's and the Class members' telephone numbers.

23. Plaintiff never provided Defendant with express written consent authorizing Defendant to call or transmit text messages to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

24. From January 23, 2022 to present Defendant sent at least 3 text messages to Plaintiff's cellular telephone without his consent.

25. Defendant's solicitation telephone calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

26. Defendant's text messages caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

## CLASS ALLEGATIONS

**(Text Messages)**

PROPOSED CLASS

27. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> All persons in Florida who: (1) were sent a text message regarding Defendant's goods and/or services, (2) without his or her prior, express written consent, (3) using the same equipment or type of equipment utilized to send text messages to Plaintiff, (4) on or after June 1, 2021.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but, given the ease and ubiquity of text message telemarketing, believes the Class members number in the several thousands, if not more.

NUMEROSITY

29. Upon information and belief, Defendant has sent text messages to telephone numbers belonging to thousands of Florida consumers who did not provide prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

31. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (1) Whether Defendant sent, or caused to be sent, text message solicitations to Plaintiff and the Class members; (2) whether Defendant can meet its burden of showing that it had prior express written consent to send such messages; (3) whether Defendant is liable for damages, and the amount of such damages; and (4) whether Defendant willfully and knowing violated the FTSA.

32. The common questions in this case are capable of common answers. If, as Plaintiff's allege, that Defendant routinely transmits text message solicitations without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

34. As representative, Plaintiff will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

SUPERIORITY

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## CLASS ALLEGATIONS
### (Solicitation Telephone Calls)

PROPOSED CLASS

37. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action

8

pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> All persons in Florida who: (1) received solicitation telephone calls regarding Defendant's goods and/or services, (2) without his or her prior, express written consent, (3) using the same equipment or type of equipment utilized to call to Plaintiff, (4) on or after June 1, 2021.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but, given the ease and ubiquity of solicitation telephone call telemarketing, believes the Class members number in the several thousands, if not more.

## NUMEROSITY

39. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of Florida consumers who did not provide prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

40. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

41. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (1) Whether Defendant

sent, or caused to be sent, solicitation telephone calls to Plaintiff and the Class members; (2) whether Defendant can meet its burden of showing that it had prior express written consent to make solicitation telephone calls; (3) whether Defendant is liable for damages, and the amount of such damages; and (4) whether Defendant willfully and knowing violated the FTSA.

42. The common questions in this case are capable of common answers. If, as Plaintiff's allege, that Defendant routinely makes solicitation telephone calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

43. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

44. As representative, Plaintiff will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

45. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.

While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### (Violation of the FTSA)

47. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

48. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

11

49. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

50. "Prior express written consent" means an agreement in writing that:

    a) Bears the signature of the called party;

    b) Clearly authorizes the person making or allowing the placement of a telephonicsales call by telephone call, text message, or voicemail transmission to deliveror cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playingof a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

    c) Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

    d) Includes a clear and conspicuous disclosure informing the called party that:

        i. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

        ii. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of

purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

51. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

52. In violation of the FTSA, Defendant made and/or knowingly allowed or caused telephonic sales calls (which under § 501.059(1)(i) includes "text message") to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

53. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers under Fla. Stat. § 501.059(8)(a).

54. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a)(2) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation or $1,500 for each violation made willfully and knowingly. *See* § 501.059(10)(b), Plaintiff and the Class members are also entitled to an injunction against future calls. § 501.059(10)(a)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and

13

Plaintiff's counsel as Class Counsel;

b) An award of statutory damages and punitive damages for Plaintiff and each member of the Class;

c) An award of attorney's fees, costs, and expenses as permitted by the FTSA;

d) An order declaring that Defendant's actions, as set out above, violate the FTSA;

e) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Respectfully submitted,

*/s/ Billy Howard*
William Peerce Howard, Esq.
Florida Bar No. 0103330
Amanda J. Allen, Esq.
Florida Bar No. 0098228

14

THE CONSUMER PROTECTION FIRM, PLLC
401 East Jackson Street, Suite 2340
Tampa, FL 33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
Bonnie@TheConsumerProtectionFirm


John W. Barrett (WV Bar No. 7289)
(Pro Hac Pending)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
JBarrett@baileyglasser.com



Done  **4 of 7**

+1 (833) 356-0678

Text Message
Today 11:13 AM

This is a reminder about your solar consultation scheduled for tomorrow at 9:00 AM. Please reply YES to confirm or call us at 516-210-5409 to reschedule.

(Reply STOP to unsubscribe)

EXHIBIT A



+1 (754) 757-4587

iMessage
Today 5:36 PM

Hey John, this is Frank with Vision Solar. I am reaching out to confirm our 9am consultation for tomorrow morning. Please respond to confirm. Thank you

The sender is not in your contact list.
Report Junk

EXHIBIT C



This is a reminder about your solar consultation scheduled for tomorrow at 9:00 AM. Please reply YES to confirm or call us at 516-210-5409 to reschedule.

EXHIBIT B

+1 (754) 757-4587

iMessage
Today 5:36 PM

Hey John, this is Frank with Vision Solar. I am reaching out to confirm our 9am consultation for tomorrow morning. Please respond to confirm. Thank you

Please cancel

Delivered

**EXHIBIT D**