UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL CALTA,

    Plaintiff,

v.                                          Case No: 8:22-cv-897-CEH-MRM

VISION SOLAR FL, LLC,

    Defendant.
_____

## ORDER

This matter is before the Court on Plaintiff Michael Calta's Motion for Remand (Doc. 15). Defendant Vision Solar FL, LLC ("Vision Solar") removed this class action from state court pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA"), alleging that the parties are minimally diverse, the action involves a class greater than 100 persons, and the amount in controversy exceeds five million dollars. *See* 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84-85 (2014). Calta now moves to remand the action, arguing that Defendant has not established the amount in controversy (Doc. 15). Vision Solar has responded in opposition (Doc. 20), and Calta has replied (Doc. 27).

Having reviewed the parties' submissions and being fully advised in the premises, the Court will grant the Motion to Remand because Vision Solar has not established by a preponderance of the evidence that the amount in controversy exceeds five million dollars.

I.     **BACKGROUND**

Calta initiated this class action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida on March 28, 2022, on behalf of himself individually and all similarly situated persons. Doc. 8-1. Calta alleges that Vision Solar violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, by using an automatic system to solicit Floridians with calls and texts messages without their express written consent. *Id.* at ¶¶ 1-7. Calta seeks to represent two different classes, one for the receipt of texts from Vision Solar and one for phone calls, but otherwise identical in description. The putative classes are defined as follows:

> All persons in Florida who: (1) [were sent a text message/received solicitation telephone calls] regarding Defendant's goods and/or services, (2) without his or her prior, express written consent, (3) using the same equipment or type of equipment utilized to [send text messages to/call] Plaintiff, (4) on or after June 1, 2021.

*Id.* at ¶¶ 27-37.

On April 15, 2022, Vision Solar removed this action to federal court. Docs. 1, 8. In its Amended Notice of Removal and subsequent Response in Opposition to Remand, Vision Solar asserts that it is facially apparent and readily deducible from the allegations in the Complaint that CAFA's jurisdictional requirements have more likely than not been satisfied. Doc. 8, 20.

In contending that the amount in controversy threshold is met, Vision Solar relies on deductions from Plaintiff's allegations that it "believes the Class members number in the several thousands," and "[u]pon information and belief, Defendant has

2

sent [offending communications] to telephone numbers belonging to thousands of Florida consumers." Doc. 8-1 at ¶¶ 28-29, 38-39.  Vision Solar further asserts that Calta's own factual circumstances of receiving five allegedly violative calls or texts should be considered "typical" of each class member in calculating the amount in controversy. Doc. 8 at 4.  Finally, Vision Solar argues that because the Complaint alleges "knowing" violations of the FTSA, which carry a discretionary penalty of up to $1500, the amount in controversy should be calculated with this maximum penalty for each claim. *Id.*  As such, the amount in controversy easily surpasses the CAFA threshold of five million dollars. *Id.*

      Calta now moves to remand this action to state court for lack of subject matter jurisdiction, arguing that Vision Solar has failed to establish the requisite amount in controversy. Doc. 15.  First, Calta asserts that the five FTSA violations he experienced should not be applied to every member of the putative class for the purpose of the amount in controversy. *Id.* at 6-7.  He points out that the class definition allows class members to have experienced only a single violation, and Vision Solar has offered no evidence to show that the average class member would have experienced at least five, as he did. *Id*.  Vision Solar has also failed to establish that the statutory maximum of $1500 should be applied as to each class member. *Id*. at 7.  Finally, Calta argues that Vision Solar cannot rely on the Complaint's allegations of "several thousands" and "thousands" of class members because they are explicitly premised on his "knowledge and belief," while emphasizing that the "exact number… is unknown at this time and can only be ascertained through discovery" Doc. 15 at 9.  The Complaint's allegations,

on their own, are too speculative to establish the number of class members for the purpose of calculating the amount in controversy. Doc. 27 at 5.

In its response, Vision Solar states that it has not engaged in unwarranted speculation and the Complaint's allegations show that the amount in controversy exceeds five million dollars. Doc. 20 at 2-3. Vision Solar argues that it is a "reasonable extrapolation" to assume that class members will have substantially the same aggregate statutory damages as Calta, whom the Complaint describes as "typical" of the class, and that they have all experienced "knowing" violations as alleged. *Id*. at 3-4, citing Doc. 8-1 at ¶¶ 33, 43, 54. Vision Solar further contends that Calta's own estimate of the number of class members, which must be considered true at the pleading stage, can reasonably be used to determine the amount in controversy. Doc. 20 at 3. Vision Solar therefore calculates that there are at least 3,000 members for each of the two class categories, for a total of 6,000. Because each class member alleges five violations and each violation carries a statutory penalty of up to $1500, the amount in controversy is $45 million. *Id*.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The Class Action Fairness Act ("CAFA"), codified in 28 U.S.C. § 1332(d), gives the district courts subject matter jurisdiction to entertain a "mass action" provided that at least four requirements are met. "These requirements are: (1) an amount in controversy

4

requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1202-1203 (11th Cir. 2007); *see* 28 U.S.C. § 1332(d)(11).

The traditional presumption in favor of remand does not apply to cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.") (internal marks omitted); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions"). Nevertheless, "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

With respect to the amount in controversy, when the plaintiff has not pleaded a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount

5

in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." (emphasis added)), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). A removing defendant may support any factual allegations with evidence as well as reasonable deductions, inferences, or extrapolations. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). However, the defendant may not engage in conjecture, speculation, or stargazing. *Id.; see Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770-71 (6th Cir. 2009) (defendant's affidavits were specific enough to prevent the determination of the amount in controversy "from becoming a matter of judicial star-gazing"); *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist.") (quotation and other marks omitted); *cf. Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001) ("Suffice it to say that while damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference.") (quotation and other marks omitted).

A court's analysis of the amount in controversy requirement focuses on how much is in controversy at the time of removal, not later. *See Vega v. T-Mobile United States, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946 (11th Cir. 2000) (a court may consider evidence submitted after the removal petition is filed, "but only to establish the facts present at the time of removal"). Moreover, "the plaintiffs' likelihood of success on the merits is largely

irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009); *see also Pretka*, 608 F.3d at 754.

## III. DISCUSSION

Of CAFA's four jurisdictional requirements, Calta challenges only the amount in controversy.[1] Vision Solar has not supplemented its Notice of Removal with any evidence beyond the initial Complaint. The Court must therefore consider whether it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional threshold of five million dollars. *Pretka*, 608 F.3d at 754.

Determining the amount in controversy in this action requires knowing the damages at issue for each alleged violation of the FTSA, the number of violations per class member, and the total number of class members. Each question will be addressed in turn.

### A. The Valuation of Each Alleged Violation of the FTSA

The Florida Telephone Solicitation Act explicitly defines the statutory damages for which a defendant is liable per violation. It states:

---

[1] Calta also asks the Court to require Vision Solar to identify the member of an LLC that is, in itself, a member of Vision Solar, LLC, in order to determine whether diversity of citizenship exists. Doc. 15 at 11 n.5; Doc. 27 at 6-7. However, Vision Solar states in its Notice of Removal that both of its LLC members are citizens of New Jersey and are not citizens of Florida. Doc. 8 at 5; Doc. 20 at 6 n.4. The Notice of Removal was filed by an officer of the Court. Absent evidence to the contrary, the Court will presume that the factual information he provided is truthful.

> (10) (a) A called party who is aggrieved by a violation of this section may bring an action to:
>
>> (1) Enjoin such violation.
>>
>> (2) Recover actual damages or $500, whichever is greater.
>
> (b) If the court finds that the defendant willfully or knowingly violated this section or rules adopted pursuant to this section, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a).

Fla. Stat. § 501.059(10). The FTSA therefore offers a minimum amount of damages per violation of $500. *Id.* However, Vision Solar argues that because the Complaint alleges the violations were "knowing" and explicitly mentions that $1500 may be available per violation, the discretionary "three times" provision of (10)(b) should be considered in calculating the amount in controversy. Doc. 8-1 at ¶¶ 31, 41, 47, 52-54; Doc. 20 at 2.

A court determining the amount in controversy must reasonably estimate the amount that is put at issue in the course of the litigation. *Pretka*, 608 F.3d at 754 (*citing Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)); *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1314 (11th Cir. 2014). Here, the Complaint affirmatively alleges that Vision Solar acted willfully and knowingly, therefore placing damages of $1500 per violation in controversy. *Cf.* Doc. 15 at 7 (calculating damages of only $500 per claim). The Court finds that calculating damages of $1500 per violation is a reasonable extrapolation from the Complaint for the purpose of the amount in controversy.

### B. Number of Claims Per Class Member

Calta next contends that Vision Solar improperly assumed each class member would have the same number of claims as Calta himself. Vision Solar argues that because Calta claims his circumstances are "typical" of the class, it is a reasonable extrapolation that the number of violations each class member experienced will conform with Calta's for the purpose of the amount in controversy. Doc. 20 at 3.

Contrary to Vision Solar's arguments, the Eleventh Circuit has held that Rule 23 "typicality" does not equate to factual typicality in an amount in controversy determination. *Pretka*, 608 F.3d at 769. The defendant in *Pretka* extrapolated that because the named plaintiffs described their own damages as "typical," it was reasonable to take the average of their damages and multiply it by the number of class members. *Id.* The court rejected this argument, determining that the defendant could not meet its burden of proof by relying on Rule 23 typicality allegations alone. *Id.* The defendant "must establish that the claims are factually, not just legally, similar." *Id.*

Vision Solar argues that *Pretka* is distinguishable because the damages in dispute in *Pretka* were indeterminable, whereas here they are based on scheduled, statutory penalties. Doc. 20 at 3. While the damages per claim in this case may be known, however, the number of claims and plaintiffs are just as indeterminable as those in *Pretka*. It was only with extrinsic evidence from a person with knowledge of the defendant's financials that the *Pretka* defendant was able to meet its burden of proof.

*Pretka*, 608 F.3d at 770. But Vision Solar has supplied no further evidence to support its contention that Calta's factual circumstances mirror those of every class plaintiff.

Instead of relying solely on an allegation of Rule 23 typicality, a defendant must provide some affirmative indication that it is more likely than not that the named plaintiff's claims are representative of the average class member. *See Phillips v. Garrison Property & Casualty*, 2:19-cv-01727-JEO, 2020 WL 3118415, * (N.D. Ala. May 12, 2020) (defendant could not simply assume plaintiff's own claimed loss would apply to all members of the class); *Signor v. Safeco Ins. Co. of Illinois*, No. 19-61937-CIV-DIMITROULEAS, 2019 WL 7911214, at *2 (S.D. Fla. Dec. 11, 2019) ("Simply assuming that Plaintiff's damages…represent the average of the potential class members, as Defendant does in its Notice of Removal, is likely insufficient to meet a preponderance of the evidence standard."); *Arrington v. Ana P. Hall Constr.*, L.L.C., No. 2:15-CV-00711-PCH-TFM, 2016 WL 8201650, *2 (M.D. Ala. Nov. 15, 2016) ("Defendants' position that the Court should uniformly evaluate all Plaintiffs' claims based on two Plaintiffs' subjective evaluations of their own individualized damages is not supported by the facts or the law.").

Speculation alone is inadequate to establish the amount in controversy. As the court emphasized in *Whelan v. Wesley Apartment Homes, LLC*, 376 F. Supp. 3d 1312, 1317 (N.D. Ga. 2019), "Defendants have shown a 'conceivable' scenario. The problem is that their evidence does not establish that their scenario is more likely than not the case[.] Too many unsupported assumptions are required to reach Defendants' required result." *See also All-South Subcontractors, Inc. v. Amerigas Propane, Inc.*, No.

3:15cv9/MCR/CJK, 2015 WL 4603567, *2 (N.D.Fla. July 30, 2015) ("[I]t is no more likely that customers paid over $5,000,000 [of the $14,000,000 bill] than it is that they paid less… [I]n the absence of at least some evidence of the amount paid, assigning a value to the amount in controversy would require the Court to pluck a number from thin air."); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 916 (11th Cir. 2014) (defendant did not establish amount in controversy where it provided only a range of possible amounts of alleged unpaid compensation and then used the "midpoint" of these ranges to calculate the potential total amount in controversy); *cf.*, *e.g.*, *South Florida Wellness, Inc.*, 745 F.3d at 1314 (defendant submitted employee affidavit attesting number of putative class members and claims during the relevant time period, as well as their monetary value).

Here, while it is *possible* each class member experienced five violations, it is not more likely than not. Vision Solar provides no evidence or other reason to assume that the number of violations Calta experienced represents that of the average class member; in other words, that the average class member will have five claims. The only reasonable inferences supported by the Complaint are found in the class definitions. As of the time of removal, the text class was defined as all persons in Florida who "were sent a text message," and the phone call class was all persons who "received solicitation telephone calls"—plural—from Vision Solar. Doc. 8-1 at ¶¶ 27, 37; *cf.* Doc. 15 at 6-7 (arguing all class members could have a minimum of one claim each). The minimum requirement to gain access to the class, then, is one violation for the text class and two violations for the phone call class. In the absence of any

11

additional evidence, the Court may consider only one or two counts per class member in calculating the amount in controversy.

### C. Number of Class Members

Lastly, Calta contends that Vision Solar improperly relied upon the Complaint's assertion that "upon information and belief" the class numbered in the "thousands" and "several thousands." Doc. 8-1 at ¶¶ 29-39. Vision Solar responds that it is reasonable to use Calta's own estimate of the class numerosity, which must be considered true at the pleading stage. Doc. 20 at 3.

However, a court is not required to blindly credit estimates in pleadings that are based on "information and belief" in the absence of any other evidence or indication that they are accurate. Two cases are particularly instructive on this point. In *Soldevilla v. On the Barrelhead, Inc.*, No. 19-cv-14462-MARRA, 2020 WL 13401897, *3 (S.D.Fla., April 13, 2020), a complaint alleging that upon "information and belief," thousands of class plaintiffs existed, and that the plaintiff does not know "the exact number" but believes "several thousands, if not more" class members existed, failed to meet the amount in controversy threshold under CAFA because plaintiff's allegations "suggest she has no idea how many individuals are in the proposed class." *Id*. Similarly, in *White v. Impac Funding Corp*, No. 6:10-cv-1780-JA-DAB, 2011 WL 836947, at *3 (M.D. Fla. Feb. 14, 2011), the number of proposed class members in the complaint was pleaded as "hundreds," but only "upon information and belief," and the defendant did not offer any additional reliable evidence. *Id*. at *3-4. The court granted the plaintiff's motion for remand, emphasizing that it is "not required to blindly credit an allegation

that hundreds or thousands of class members exist, especially where, as here, there is no showing of the information which apparently was relied upon to establish the alleged belief." *Id.* at *3.

Identical language is present in the instant Complaint, which is similarly insufficient to meet Defendant's burden of proof. Doc. 8-1 ¶¶ 29-39. As in *White* and *Soldevilla*, Vision Solar asks the Court to blindly credit a vague estimate that lacks foundation or the support of any additional allegations or evidence. *Cf. Bankhead v. Castle Parking Solutions, LLC*, 1:17-cv-4085-WSD, 2017 WL 10562976, *3 (N.D. Ga. Dec. 1, 2017) (denying motion for remand where complaint alleged the class included "thousands of individuals" but also sought compensatory damages for defendant's allegedly unlawful collection of "millions of dollars in fees," while seeking treble and punitive damages); *Phillips*, 2020 WL 3118415 at *7 (court could consider plaintiff's allegation that defendant gained "millions of dollars" by underpaying class members, resulting in an additional two million dollars in controversy); *South Florida Wellness, Inc.*, 745 F.3d at 1316-17 (affidavit submitted by defendant sufficiently established information that allowed court to estimate amount in controversy).

Without additional allegations or evidence, the Court is left only to speculate about the number of class members. But such speculation is impermissible. *See Porter v. MetroPCS Communications Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (the district court cannot "engage in hopeless speculation in assessing" amount in controversy); *see also* Section III(B), *supra*. Vision Solar has not offered sufficient evidence for the Court

to determine what the number of class plaintiffs is, let alone that it is at least 6,000 people.

## IV. CONCLUSION

There is insufficient evidence, here, to find that the amount in controversy more likely than not exceeds the five million dollar threshold. The Complaint supports reasonable inferences that each class plaintiff will allege at least one or two claims, with a maximum of $1500 in damages per claim. To exceed the jurisdictional threshold, then, Vision Solar must establish by a preponderance of the evidence that there will be more than 3,334 total class members. Vision Solar has chosen to rely solely on the Complaint rather than offering any extrinsic evidence as to the number of class members. But the Complaint's allegation that "upon information and belief" there are "thousands" of class members is too speculative for the Court to credit blindly without engaging in judicial stargazing. Therefore, Vision Solar has not satisfied its burden of proof of demonstrating that the amount in controversy threshold is met. The motion for remand is due to be granted.

The Court notes that Vision Solar is not barred from seeking federal jurisdiction for this action in the future. Under CAFA, class actions may be removed at *any* point during the pendency of litigation in state court, so long as removal is initiated within thirty days after the defendant is put on notice that a case which was not removable based on the face of the complaint has become removable. *See* 28 U.S.C. § 1453(b) (traditional one-year window for removal does not apply to class actions). In other words, a CAFA defendant who fails to meet its burden for removal at the early stages

of litigation may re-remove to the federal courts later, after a fuller record has been developed in discovery in state court. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("It is surely possible that while in state court more evidence about potential damages may come to light, and… Lilly may seek to return to federal court."). On the current record, however, subject matter jurisdiction does not exist.

Accordingly, it is **ORDERED:**

1. Plaintiff Michael Calta's Motion for Remand (Doc. 15) is **GRANTED**.

2. This action is **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

4. The Clerk is further directed to terminate all pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on December 16, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties